UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH RIGBY, | CIVIL ACTION NO.:  2:12-cv-02537 |
| Plaintiff, | |
| VERSUS | SECTION:  B |
| SAINT BERNARD PARISH GOVERNMENT; CRAIG TAFFARO, in his official capacity and his individual capacity; LOUIS SCHNEIDER, in his official capacity and his individual capacity; CERTAIN AS YET UNDENTIFIED EMPLOYEES OF THE SAINT BERNARD PARISH MAINTENANCE DIVISION, in their respective official capacities and their respective individual capacities; and OTHER AS YET UNKNOWN DEFENDANTS, in their respective official capacities and their respective individual capacities, | MAGISTRATE:  1 |
| Defendants | |

**FIRST AMENDED COMPLAINT**

The plaintiff herein, JOSEPH RIGBY (hereinafter "Plaintiff"), sues the defendants

herein, SAINT BERNARD PARISH GOVERNMENT, Saint Bernard Parish President CRAIG

TAFFARO (hereinafter "Defendant Taffaro"), in his official capacity and his individual

capacity; Saint Bernard Parish Planning Commissioner LOUIS SCHNEIDER (hereinafter

"Defendant Schneider"), in his official capacity and his individual capacity; CERTAIN AS YET

UNIDENTIFIED EMPLOYEES OF THE SAINT BERNARD PARISH MAINTENANCE

DIVISION (hereinafter "Certain As Yet Unidentified Employees of the Saint Bernard Parish Maintenance Division") in their respective official capacities and their respective individual capacities; and OTHER AS YET UNKNOWN DEFENDANTS (hereinafter "Other As Yet Unknown Defendants") (all defendants, known and unknown, hereinafter, collectively, "Defendants"), in their respective official capacities and their respective individual capacities. By this Complaint, Plaintiff seeks compensatory, nominal and punitive damages, costs and attorneys' fees, and any and all other relief to which he may by law or equity be entitled.

## **Introduction**

1.     This action arises under 42 U.S.C. § 1983 for violations of civil rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States; under Article 1 § 5 of the Louisiana Constitution; and under the statutory and jurisprudential laws of the State of Louisiana.

2.     On October 18, 2011, Defendant Craig Taffaro, at the behest of Defendant Louis Schneider, instructed a crew of Saint Bernard Parish employees to enter upon Plaintiff's private property under color of law, without notice, consent, or lawful authority, for the purpose of taking therefrom Plaintiff's personal movable property.  These acts were the culmination of a pattern of unfair, unlawful, and discriminatory treatment of Plaintiff by the Saint Bernard Parish Government.  Such treatment has caused Plaintiff to suffer ongoing harm.

3.     Defendants' actions under color of state law constitute violations of Plaintiff's right to be free from unlawful search and seizure of his property under the Fourth Amendment to the Constitution of the United States, Plaintiff's right to be free from the taking of his property by the government without just compensation under the Fifth Amendment to the Constitution of the United States, and Plaintiff's right to Equal Protection and Due Process of law under the

Fourteenth Amendment to the Constitution of the United States—all cognizable as claims under 42 U.S.C. §1983. Defendants' actions also constitute a violation of Article 1 § 5 of the Louisiana Constitution, which creates a private right of action for the invasion of the right to privacy through the unreasonable search and seizure of property. Defendant's actions also give rise to several causes of action sounding in tort under the laws of the State of Louisiana—to wit, conversion, trespass, negligent damage to property, negligent deposit, intentional infliction of emotional distress, and negligent infliction of emotional distress.

## Jurisdiction

4.  This court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's causes of action arising under 42 U.S.C. § 1983 for violations of rights guaranteed by the Constitution of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's causes of action arising under Louisiana state law.

## Venue

5.  Venue lies in the United States District Court for the Eastern District of Louisiana pursuant 28 U.S.C. § 1391(B)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's cause of action occurred within Saint Bernard Parish, which is physically located in the Eastern District of Louisiana.

## Parties

6.  Plaintiff Joseph Rigby is an adult citizen who was at all relevant times a resident of Saint Bernard Parish in the State of Louisiana.

7.  On information and belief, Defendant Saint Bernard Parish Government is a municipality located within the State of Louisiana and located within the Eastern District of Louisiana.

8.      On information and belief, Defendant Craig Taffaro is an adult citizen who is a resident of Saint Bernard Parish in the State of Louisiana and who was at all relevant times employed as the President of Saint Bernard Parish.  He is sued in his official capacity and his individual capacity.

9.      On information and belief, Defendant Louis Schneider is an adult citizen who is a resident of Saint Bernard Parish in the State of Louisiana and who was at all relevant times employed as member of the Saint Bernard Parish Planning Commission.  He is sued in his official capacity and his individual capacity.

10.     Certain As Yet Unidentified Employees of the Saint Bernard Parish Maintenance Division who were at all relevant times employed by the Saint Bernard Parish Government and who unlawfully entered upon, seized, damaged, converted, and otherwise took Plaintiff's property.

11.     Other As Yet Unknown Defendants who were at all relevant times employed by the Saint Bernard Parish Government.

## **Background**

12.     The following factual background is made on Plaintiff's good-faith information and belief:

13.     Plaintiff is the owner of immovable property located at 64 East Claiborne Square, in Chalmette, Louisiana.

14.     At all times relevant to Plaintiff's Complaint, Plaintiff's immovable property at 64 East Claiborne Square was completely and obviously enclosed by a fence.

15.     Prior to the events alleged in Plaintiff's complaint, located on Plaintiff's immovable property at 64 East Claiborne Square were, *inter alia*, a travel trailer (containing,

*inter alia*, Seventeen Thousand Dollars ($17,000.00) (USD)), copper wiring and piping valued at approximately Thirty Thousand Dollars ($30,000.00) (USD), various professional-grade electric tools valued at approximately Twenty-Five Thousand Dollars ($25,000.00) (USD), two tankless hot water heaters valued at approximately Three Thousand Dollars ($3,000.00) (USD), lawnmowers, pressure-washers, lumber, corrugated metal, and various other items of pecuniary and personal value.

16.     At all times relevant to Plaintiff's Complaint, Defendant Schneider was a member of the Saint Bernard Parish Planning Commission, a division of the Saint Bernard Parish Government.

17.     At all times relevant to Plaintiff's Complaint, two of Defendant Schneider's sons resided in the residential area in which Plaintiff's immovable property at 64 East Claiborne Square is situated.

18.     Beginning in approximately early July of 2011, Defendant Schneider made repeated complaints on behalf of his sons to various members of the Saint Bernard Parish Government regarding the condition of Plaintiff's immovable property at 64 East Claiborne Square.

19.     In response to such complaints, Defendant Schneider was repeatedly informed that an administrative and judicial process was being pursued that would address his complaints and that no further action would be advisable until the judicial process had concluded.

20.     Dissatisfied with such responses, Defendant Schneider complained directly to Defendant Taffaro and requested that the situation be remedied immediately.

21.     At all times relevant to Plaintiff's Complaint, Defendant Taffaro was President of Saint Bernard Parish.

22.    At all times relevant to Plaintiff's Complaint, Defendants Schneider and Taffaro were personal acquaintances.

23.    In response to Defendant Schneider's complaints, Defendant Taffaro acknowledged that, although the Parish Government would be "on thin ice," Defendant Taffaro would personally insure that action was taken to address the condition of Plaintiff's immovable property at 64 East Claiborne Square.

24.    At approximately 10:00 a.m. on the morning of October 18, 2011, a crew of workers, apparently from the Saint Bernard Parish Maintenance Division, arrived at 64 East Claiborne Square.

25.    Plaintiff was not present when the crew arrived.

26.    Plaintiff was alerted to the presence of the crew by a friend, who called Plaintiff on Plaintiff's mobile telephone.

27.    At the time Plaintiff received the call notifying him of the presence of a crew on his property, Plaintiff was in the midst of a time-sensitive project at work.

28.    Upon completing the project, Plaintiff proceeded immediately to 64 East Claiborne Square, where he discovered a Saint Bernard Parish Maintenance Division crew present on his property without his consent and observed the crew removing valuable items from his property, also without his consent.

29.    Upon inquiring why the crew was on his property without his consent and by what authority they were removing his movable property therefrom, he was informed that the work was being done pursuant to an "executive order."

30.    However, no recorded executive order exists in connection with the removal of Plaintiff's property.

31.     Plaintiff inquired whether any member of the crew had a warrant for the search and seizure of his property and was told "no."

32.     Plaintiff then contacted the Saint Bernard Parish Sheriff's Office to report the theft of his movable property and to request that deputies be sent to 64 East Claiborne Square to intervene.

33.     A representative of the Saint Bernard Parish Sheriff's Office told Plaintiff that the "Saint Bernard Parish Sheriff's Office does not get involved in Saint Bernard Parish Government affairs" and refused to come to the scene or make a report.

34.     Plaintiff then observed that members of the crew were engaged in the process of connecting his travel trailer to a vehicle in order to transport the trailer off of the property.

35.     Plaintiff instructed the crew members so engaged to stop and advised them that the trailer was not in a safe condition to be moved.

36.     The crew members ignored Plaintiff and continued connecting the trailer to the vehicle.

37.     Once the trailer was successfully connected to the vehicle, the trailer was transported off of Plaintiff's property and into the street.

38.     Once in the street, the crew members stopped and disconnected the trailer from the vehicle which had been towing it.

39.     In the process of disconnecting the trailer from the vehicle, the crew negligently allowed the "hitch" to fall violently to the ground, thereby causing extensive damage to the trailer.

40.     Upon inspection of the interior of the trailer, Plaintiff observed that the Seventeen Thousand Dollars ($17,000.00) (USD) he had stored inside the trailer was missing.

41.     In addition to the trailer, the crew removed numerous other items from Plaintiff's property, including, without limitation:

a.  Copper wire and piping valued at approximately Thirty Thousand Dollars ($30,000.00) (USD);

b.  Professional-grade electric tools valued at approximately Twenty-Five Thousand Dollars ($25,000.00) (USD);

c.  Two tankless hot water heaters valued at approximately Three Thousand Dollars ($3,000.00) (USD);

d.  Lawnmowers;

e.  Pressure-washers;

f.  Lumber;

g.  Corrugated metal; and

h.  Various other items of pecuniary and personal value.

42.     Upon observing the removal of his property, Plaintiff inquired as to the location to which it would be taken.

43.     Plaintiff was informed that his property would be taken to an open-air storage facility maintained by the Saint Bernard Parish Government.

44.     Plaintiff was not permitted to reclaim the property stored at the facility until approximately six months later.

45.     However, most of that property was by that time missing.

46.     The foregoing was not the first time Plaintiff had been singled out for discriminatory and unfair treatment by the Saint Bernard Parish Government.

47.     In early October 2011, another Saint Bernard Parish Maintenance Division crew had appeared at another parcel of immovable property on which the Saint Bernard Parish Government was aware Plaintiff stored movable property.

48.     As on October 18, 2011, a friend called Plaintiff to advise Plaintiff that a crew was in the process of taking his movable property.

49.     Plaintiff immediately came to 69 East Claiborne Square.

50.     On this occasion, a Saint Bernard Parish Deputy was present at the scene.

51.     Plaintiff immediately approached the deputy and asked under what authority his property was being taken.

52.     The deputy responded that he had no paperwork to evidence his authority to take the property.

53.     At that time the deputy conferred with other Saint Bernard Parish Government officials present at the property and a decision was made that they would withdraw from the scene without Plaintiff's property.

54.     On another occasion, the Saint Bernard Parish Government arbitrarily denied to Plaintiff the opportunity to participate in a significant government program.

55.     In the aftermath of Hurricane Katrina, various local, state, and federal agencies participated in a program where properties were purchased from former residents no longer desiring to reside in the disaster-stricken area of Saint Bernard Parish.

56.     The program then extended to remaining residents of Saint Bernard Parish a right of first refusal to buy any such properties adjacent to their own.

57.     Except for an ability to pay the fair market value of the property, no apparent qualification was placed on such right of first refusal.

58.    Plaintiff sought to exercise such right as to 66 East Claiborne Square, a parcel of immovable property adjacent to 64 East Claiborne Square.

59.    Accordingly, he paid in full the Six Hundred Sixty-Five Dollars ($665.00) (USD) in fees associated with the exercise of the option, and a further Two Thousand Eight Hundred Sixty Dollars ($2,860.00) (USD) for the purchase price of the immovable property.

60.    Upon payment, Plaintiff executed an act of sale.

61.    Later the same day, Plaintiff was informed by a representative of the Saint Bernard Parish Government that the Saint Bernard Parish Government would be blocking the sale of the property to Plaintiff.

62.    For the next six months, Plaintiff was denied the benefit of ownership of the property for which he had paid and for which he had an act of sale but was not refunded the monies he had paid until the end of that six-month period—and then, less One Hundred Sixty-Five Dollars ($165.00) (USD) for "Parish Fees."

63.    Ultimately Plaintiff was informed that his acquisition of 66 East Claiborne Square had been "blocked" by the Saint Bernard Parish Government because he was alleged to be in violation of various parish ordinances.

64.    Meanwhile, the Saint Bernard Parish Government had allowed identical sales to proceed as to other parish residents whose properties were in substantially the same condition as Plaintiff's property.

### Count One: 42 U.S.C. § 1983: Fourth Amendment to the Constitution of the United States: Freedom from Unreasonable Search and Seizure

65.    Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges as follows:

66.     Plaintiff's right to be free from unreasonable search and seizure of his property was violated when Certain As Yet Unidentified Employees of the Saint Bernard Parish Maintenance Division and Other As Yet Unknown Defendants entered upon Plaintiff's immovable property, and seized therefrom Plaintiff's movable property without notice, consent, or lawful authority.  In particular, the search of Plaintiff's immovable property and the seizure of Plaintiff's movable property were presumptively unreasonable inasmuch as such search and seizures were performed in the absence of a warrant.

67.     Defendants Saint Bernard Parish Government, Taffaro, and Schneider and Other As Yet Unknown Defendants are liable, in their respective official and individual capacities, for the violation of Plaintiff's rights, privileges, and immunities guaranteed under the Fourth Amendment to the Constitution of the United States as applied to the states by the Fourteenth Amendment to the Constitution of the United States and made actionable under 42 U.S.C. § 1983, for, under color of state law, a pattern of acts and omissions, failures to train or supervise the acts or omissions of subordinate employees to an extent constituting deliberate indifference, and/or the promulgation, implementation, ratification, enforcement, and/or the delegation of final decision-making authority over policies or customs, which acts or omissions, failures of training or supervision, or policies or customs of the Saint Bernard Parish Government deprived Plaintiff of his right to be free from unreasonable search and seizure of his property.

**Count Two: 42 U.S.C. § 1983: Fifth Amendment to the Constitution of the United States: Freedom from Governmental Taking of Property without Payment of Just Compensation**

68.     Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Count One, or in the alternative thereto, as follows:

69.     Defendants effected a taking of Plaintiff's property without payment of just compensation, causing Plaintiff harm, when Certain As Yet Unknown Employees of the Saint Bernard Parish Maintenance Division, acting at the direction of Defendants Taffaro and Schneider and Other As Yet Unknown Defendants, entered upon Plaintiff's immovable property and forcibly took and removed numerous items of both pecuniary and personal value, including, but not limited to, currency in the amount of Seventeen Thousand Dollars ($17,000.00) (USD), copper wire and piping valued at approximately Thirty Thousand Dollars ($30,000.00) (USD), various professional-grade electric tools valued at approximately Twenty-Five Thousand Dollars ($25,000.00) (USD), two tankless hot water heaters valued at approximately Three Thousand Dollars ($3,000.00) (USD), lawnmowers, pressure-washers, lumber, corrugated metal, and various other items of pecuniary and personal value.

70.     Defendants Saint Bernard Parish Government, Taffaro, and Schneider and Other As Yet Unknown Defendants are liable, in their respective official and individual capacities, for the violation of Plaintiff's rights, privileges, and immunities guaranteed under the Fourth Amendment to the Constitution of the United States as applied to the states by the Fourteenth Amendment to the Constitution of the United States and made actionable under 42 U.S.C. § 1983, for, under color of state law, a pattern of acts and omissions, failures to train or supervise the acts or omissions of subordinate employees to an extent constituting deliberate indifference, and/or the promulgation, implementation, ratification, enforcement, and/or the delegation of final decision-making authority over policies or customs, which acts or omissions, failures of training or supervision, or policies or customs of the Saint Bernard Parish Government deprived Plaintiff of his right to be free from the taking of his property by a government entity without payment of just compensation.

**Count Three: 42 U.S.C. § 1983: Fourteenth Amendment to the Constitution of the United States: Equal Protection**

71.     Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One and Two, or in the alternative thereto, as follows:

72.     Defendants intentionally discriminated, without a compelling interest or rational basis, against Plaintiff, causing Plaintiff harm, when Defendants subjected Plaintiff to an extraordinary and extra-judicial punishment through the summary taking of his property without notice or just compensation rather than subjecting him to judicial process and awaiting the outcome thereof as the law requires and as they have done as to countless other persons.

73.     Defendants intentionally discriminated, without compelling interest or rational basis, against Plaintiff, causing Plaintiff harm, when Defendants intentionally interfered with Plaintiff's interest in a right of first refusal of an option to purchase immovable property by blocking his acquisition of said property while permitting other similarly situated persons to proceed with such purchases.

74.     Such actions on the part of Defendants was motivated by animus specifically directed towards the Plaintiff as an individual, or "class of one."

75.     Defendants Saint Bernard Parish Government, Taffaro, and Schneider and Other As Yet Unknown Defendants are liable, in their respective official and individual capacities, for violations of rights, privileges, and immunities guaranteed to Plaintiff under the Fourteenth Amendment to the Constitution of the United States, and made actionable under 42 U.S.C. § 1983, for, under color of state law and without a compelling interest or rational basis, acts and omissions, failures to train or supervise the acts or omissions of subordinate employees to an extent constituting deliberate indifference, and/or the promulgation, implementation, ratification,

enforcement and/or the delegation of final decision-making authority over policies or customs, which acts or omissions, failures of training or supervision, or policies or customs denied to Plaintiff the equal protection of the law with respect to his membership within a "class of one."

### Count Four: 42 U.S.C. § 1983: Fourteenth Amendment to the Constitution of the United States: Procedural Due Process of Law

76.     Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One through Three, or in the alternative thereto, as follows:

77.     Under color of state law, Defendants violated Plaintiff's Fourteenth Amendment right to Procedural Due Process of law when Defendants, without notice or lawful authority, trespassed upon Plaintiff's immovable property to search for and seize Plaintiff's movable property, which property Defendants took and for which Defendants have paid no just compensation.

78.     Moreover, because Plaintiff was informed that the Saint Bernard Parish Sheriff's Office would neither intervene to prevent Defendants' acts nor author any report thereof, Plaintiff was denied any post-injury State remedy, and his claim under federal law is therefore ripe.

79.     Defendants Saint Bernard Parish Government, Taffaro, and Schneider and Other As Yet Unknown Defendants are liable, in their respective official and individual capacities, for violations of rights, privileges, and immunities guaranteed to Plaintiff under the Fourteenth Amendment to the Constitution of the United States, and made actionable under 42 U.S.C. § 1983, for, under color of state law and without a compelling interest or rational basis, a pattern of acts and omissions, failures to train or supervise the acts or omissions of subordinate employees to a level constituting deliberate indifference, and/or the promulgation, implementation,

ratification, enforcement and/or the delegation of final decision-making authority over policies or customs not narrowly tailored to the cause, which acts or omissions, failures to train or supervise, or policies or customs imposed atypical and significant hardship upon Plaintiff, causing Plaintiff to suffer a deprivation of liberty and property.

### Count Five: 42 U.S.C. § 1983: Fourteenth Amendment to the Constitution of the United States: Substantive Due Process of Law

80.     Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One through Four, or in the alternative thereto, as follows:

81.     Under color of state law, Defendants violated, in a manner sufficient to shock the conscience, Plaintiff's Fourteenth Amendment right to Substantive Due Process of law when invaded Plaintiff's right to privacy and to be secure in his property by trespassing, without notice or lawful authority, upon his immovable property and taking therefrom, without lawful authority, his immovable property without payment of just compensation therefor.

82.     Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable, in their respective official and individual capacities, for violations of rights, privileges, and immunities guaranteed to Plaintiff under the Fourteenth Amendment to the Constitution of the United States, and made actionable under 42 U.S.C. § 1983, for, under color of state law and without a compelling interest or rational basis, a pattern of acts and omissions, failures to train or supervise the acts or omissions of subordinate employees to a level constituting deliberate indifference, and/or the promulgation, implementation, ratification, enforcement and/or the delegation of final decision-making authority over policies or customs not narrowly tailored to the cause, which acts or omissions, failures to train or supervise,

or policies or customs imposed atypical and significant hardship upon Plaintiff, causing Plaintiff to suffer a deprivation of liberty and property.

<u>**Count Six: Article 1 § 5 of the Louisiana Constitution: Right to Privacy: Invasion of Privacy by Unreasonable Search and Seizure:**</u>

83.     Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One through Five, or in the alternative thereto, as follows:

84.     Defendants violated Plaintiff's right to privacy, in the form of his right to be free from unreasonable search and seizure of his property, as guaranteed under Article 1 § 5 of the Louisiana Constitution, when Certain As Yet Unidentified Employees of the Saint Bernard Parish Maintenance Division and Other As Yet Unknown Defendants entered upon Plaintiff's immovable property, and seized therefrom Plaintiff's movable property without notice, consent, or lawful authority.  In particular, the search of Plaintiff's immovable property and the seizure of Plaintiff's movable property were presumptively unreasonable inasmuch as such search and seizures were performed in the absence of a warrant.

85.     The right to be secure in one's property from such unreasonable search and seizure is a clearly established right under the laws of the State of Louisiana, the violation of which confers a private right of action.

86.     Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable to Plaintiff, in their respective official capacities under a theory of *respondeat superior*, and in their respective individual capacities, for the injury to Plaintiff's right to privacy through the unreasonable search and seizure of Plaintiff's property under Article 1 § 5 of the Louisiana Constitution committed by their subordinates acting within the course and scope of employment.

## **Count Seven: Conversion**

87.    Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One through Six, or in the alternative thereto, as follows:

88.    Certain Employees of the Saint Bernard Parish Maintenance Division are liable under the laws of the State of Louisiana for entering upon Plaintiff's immovable property and seizing therefrom Plaintiff's movable property, without notice, consent, or lawful authority, and with the intent to permanently deprive Plaintiff of the possession and benefit of such property.

89.    Such Certain Employees of the Saint Bernard Parish Maintenance Division were at all relevant times employed by the Saint Bernard Parish Government and directed and overseen by Defendants Taffaro and Schneider and Other As Yet Unknown Defendants.

90.    Such Certain Employees of the Saint Bernard Parish Maintenance Division converted Plaintiff's property at the direction of Defendants Taffaro and Schneider and Other As Yet Unknown Defendants.

91.    The conversion of Plaintiff's property occurred while Defendants were acting within the course and scope of their employment.

92.    Said conversion caused Plaintiff to experience emotional distress.

93.    Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable to Plaintiff, in their respective official capacities, under a theory of *respondeat superior*, and in their respective individual capacities, for the conversion of Plaintiff's property committed by their subordinates acting within the course and scope of employment.

**Count Eight: Trespass**

94.     Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One through Seven, or in the alternative thereto, as follows:

95.     Certain Employees of the Saint Bernard Parish Maintenance Division are liable under the laws of the State of Louisiana for entering upon Plaintiff's immovable property without notice, consent, or lawful authority and causing harm to such property thereupon.

96.     Such Certain Employees of the Saint Bernard Parish Maintenance Division were at all relevant times employed by the Saint Bernard Parish Government and directed and overseen by Defendants Taffaro Schneider and Other As Yet Unknown Defendants.

97.     Such Certain Employees of the Saint Bernard Parish Maintenance Division trespassed upon Plaintiff's immovable property at the direction of Defendants Taffaro and Schneider and Other As Yet Unknown Defendants.

98.     The trespass upon Plaintiff's property occurred while Defendants were acting within the course and scope of their employment.

99.     Said trespass caused Plaintiff to experience emotional distress.

100.     Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable to Plaintiff, in their respective official capacities, under a theory of *respondeat superior*, and in their respective individual capacities, for the conversion of Plaintiff's property committed by their subordinates acting within the course and scope of employment.

**<u>Count Nine: Negligent Damage to Property</u>**

101.    Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One through Eight, or in the alternative thereto, as follows:

102.    Certain Employees of the Saint Bernard Parish Maintenance Division are liable under the laws of the State of Louisiana, specifically Louisiana Civil Code article 2315, for negligently damaging Plaintiff's trailer while attempting to seize it.

103.    Certain Employees of the Saint Bernard Parish Maintenance Division are liable under the laws of the State of Louisiana, specifically Louisiana Civil Code article 2315, for negligently storing the immovable property of Plaintiff in a manner inappropriate to its nature and value and in a manner which exposed it to theft and conversion.

104.    Such Certain Employees of the Saint Bernard Parish Maintenance Division were at all relevant times employed by the Saint Bernard Parish Government and directed and overseen by Defendants Taffaro and Schneider and Other As Yet Unknown Defendants.

105.    Such Certain Employees of the Saint Bernard Parish Maintenance Division trespassed upon Plaintiff's property at the direction of Defendants Taffaro and Schneider and Other As Yet Unknown Defendants.

106.    The trespass upon Plaintiff's property occurred while Defendants were acting within the course and scope of their employment.

107.    Said trespass caused Plaintiff to experience emotional distress.

108.    Defendants Saint Bernard Parish, Taffaro and Schneider and Other As Yet Unknown Defendants are liable to Plaintiff, in their respective official capacities, under a theory of *respondeat superior*, and in their respective individual capacities, for the conversion of

Plaintiff's property committed by their subordinates acting within the course and scope of employment.

**Count Ten: Intentional Infliction of Emotional Distress**

109.    Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One through Nine, or in the alternative thereto, as follows:

110.    Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable under the laws of the State of Louisiana for intentionally and/or recklessly engaging in extreme or outrageous conduct, which led to Plaintiff's severe emotional distress, when Defendants intentionally engaged in a pattern of discrimination and harassment of Plaintiff by placing him under continual threat of the invasion of his privacy and the unlawful seizing of his movable property.

111.    Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable under the laws of the State of Louisiana for intentionally and/or recklessly engaging in extreme or outrageous conduct, which led to Plaintiff's severe emotional distress, when Defendants in the aftermath of Hurricane Katrina denied Plaintiff the opportunity to rebuild his property through the acquisition of adjacent immovable property.

112.    Defendants Taffaro and Schneider and Other As Yet Unknown Defendants were at all relevant times employed by the Saint Bernard Parish Government and overseen by Defendant Taffaro and Schneider and Other As Yet Unknown Defendants.

113.    The intentional infliction of emotional distress to Plaintiff occurred while Defendants were acting within the course and scope of their employment.

114.    Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable to Plaintiff, in their respective official capacities, under a theory of *respondeat superior*, and in their respective individual capacities, for the intentional infliction of emotional distress committed by their subordinates acting within the course and scope of employment.

### Count Eleven: Negligent Infliction of Emotional Distress:

115.    Plaintiff incorporates and hereby realleges all preceding paragraphs as if fully set forth herein and further alleges, in addition to Counts One through Ten, or in the alternative thereto, as follows:

116.    Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable under the laws of the State of Louisiana for negligently engaging in extreme or outrageous conduct, which led to Plaintiff's severe emotional distress, when Defendants, without due regard for the law or Plaintiff, repeatedly invaded Plaintiff's privacy and seized his movable property.

117.    Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable under the laws of the State of Louisiana for negligently engaging in extreme or outrageous conduct, which led to Plaintiff's severe emotional distress, when Defendants, without due regard for the law or Plaintiff, negligently denied Plaintiff the opportunity to rebuild his property through the acquisition of adjacent immovable property.

118.    Defendants Taffaro and Schneider and Other As Yet Unknown Defendants were at all relevant times employed by the Saint Bernard Parish Government and overseen by Defendant Taffaro and Schneider and Other As Yet Unknown Defendants.

119.    The negligent infliction of emotional distress to Plaintiff occurred while Defendants were acting within the course and scope of their employment.

120.    Defendants Saint Bernard Parish Government, Taffaro and Schneider and Other As Yet Unknown Defendants are liable to Plaintiff, in their respective official capacities, under a theory of *respondeat superior*, and in their respective individual capacities, for the negligent infliction of emotional distress committed by their subordinates acting within the course and scope of employment.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against all Defendants, in both their official and individual capacities;

B.    Award Plaintiff compensatory (both general and specific), nominal, and punitive damages against all Defendants, in both their official and individual capacities;

C.    Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

D.    Grant to Plaintiff such other and further relief as may be just and proper under the circumstances.

RESPECTFULLY SUBMITTED:

/s/ Donald G. Cassels, III_____
Donald G. Cassels, III (La. Bar No. 33765)
Trial Attorney for Plaintiff
TUCKER & CASSELS, L.L.C.
201 Saint Charles Avenue, Suite 2500
New Orleans, LA 70170
Office:  (504) 599-5952
Fax:  (504) 324-0757
dcassels@tuckercassels.com